UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARYLIN TAYLOR,

        Plaintiff,

v.

MICHAEL LAI and PRUDENTIAL RNT REAL ESTATE,

        Defendants.

CASE NO. C13-1425JLR

ORDER DISMISSING COMPLAINT

On October 24, 2013, pro se Plaintiff Marylin Taylor filed an amended complaint against Defendant Michael Lai (Am. Compl. (Dkt. # 10)) in response to the court's September 18, 2013, order to show cause (9/18/13 Order (Dkt. # 7)). Although the amended complaint alleges that subject matter jurisdiction is proper based on Ms. Taylor's "civil rights claim," the complaint identifies only two state law causes of action: breach of contract and negligence. (*See* Am. Compl. ¶¶ 3, 14, 17.) For the reasons stated below, the court finds that Ms. Taylor's amended complaint fails to plead facts that

ORDER- 1

establish subject matter jurisdiction.  Therefore, the court dismisses Ms. Taylor's complaint.

## I.   FACTS

On August 12, 2013, pro se Plaintiff Marylin Taylor filed a complaint against Defendants Michael Lai and Prudential RNT Real Estate ("Prudential RNT") alleging violations of 42 U.S.C. § 1983, as well as various state law claims.  (Compl. (Dkt. # 3) at 2-3.)  The complaint predicated subject matter jurisdiction on Ms. Taylor's Section 1983 claim.  (*Id.*)  However, the complaint did not establish that the Defendants were state actors or that their conduct was fairly attributable to the state as is required to state a claim under 42 U.S.C. § 1983.  (*See id.*)  Accordingly, this court ordered Ms. Taylor to show cause as to why federal subject matter jurisdiction was appropriate.  (*See* 9/18/13 Order.)   Ms. Taylor provided two responses to the order to show cause.  (Dkt. ## 8, 9.)

Shortly thereafter, Ms. Taylor filed an amended complaint.  (*See* Am. Compl.) The amended complaint identifies a claim for breach of contract claim and a claim for negligence.  (*Id.* ¶¶ 14-20.)  The complaint alleges that federal subject matter jurisdiction is found because Ms. Taylor "filed a claim with the United States District Court a civil rights claim showing Prima Facie case set forth in this pleading a Civil Rights Act of 1964 . . . and this Court has jurisdiction over the party hereto under 28 U.S.C. 1331 to provide a remedy for willfully wantonly violated Plaintiff civil rights, liberties on numerous occasions also using deceptive business practices." (*Id.* ¶ 3.)

## II. ANALYSIS

"[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Ms. Taylor affirmatively identifies only two state law causes of action: breach of contract and negligence. But there is no diversity jurisdiction. It appears from the face of the amended complaint that Ms. Taylor and Defendant Michael Lai are both citizens of the state of Washington: the complaint states that Ms. Taylor is a "permanent resident" of the state of Washington and that Mr. Lai is the "Owner and Operator of Prudential RNT Real Estate," located at "3401 Rainier Avenue South, Ste. B., King County, Seattle, Washington." (Am. Compl. ¶¶ 1,2.) Diversity jurisdiction does not exist where the plaintiff and defendant are citizens of the same state.[1] *See* 28 U.S.C. § 1332.

---

[1] Ms. Taylor's original complaint listed both Mr. Lai and Prudential RNT as defendants. (*See* Compl. at 1.) However, the amended complaint lists only Mr. Lai as a defendant. (*See* Am. Compl. ¶ 2.) Because courts must liberally construe complaints by pro se plaintiffs, this court will construe Ms. Taylor's second complaint as also alleging claims against Prudential RNT. Since Prudential RNT is a citizen of the state of Washington, diversity jurisdiction does not exist over Ms. Lai's claims against Prudential RNT either. As discussed below, Ms. Lai also fails to show that federal question jurisdiction exists over her potential claims against Prudential RNT.

ORDER- 3

Because Ms. Taylor is proceeding pro se, the court must liberally construe her complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully plead, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted). Therefore, the court will interpret Ms. Taylor's reference in her amended complaint to a "civil rights claim" to refer to the 42 U.S.C. § 1983 claim on which she predicated jurisdiction in her original complaint. (*See* Compl. at 2.)

A basis for federal question jurisdiction must appear on the face of the well-pleaded complaint. *Bell v. Hood*, 327 U.S. 678, 680-82 (1946). The complaint must establish either that a federal statute creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Board v. Const. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

In order to state a claim under 42 U.S.C. § 1983, the complaint must allege that some person has deprived the plaintiff of a federal right, and that the offending person was acting under color of state law. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980). Private actors can be said to act under color of state law only if their conduct is fairly attributable to the state. *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (actions by a private party are deemed state action if "there is a sufficiently close nexus between the State and the challenged action" that the actions of the private persons "may be fairly treated as that of the State itself"). Purely private conduct, however, is not actionable under § 1983 "no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

ORDER- 4

This court already provided Ms. Taylor one opportunity to explain why her Section 1983 claim establishes federal question jurisdiction. (*See* 9/8/13 Order.) In its September 18, 2013 order to show cause, the court doubted the applicability of federal question jurisdiction because Ms. Taylor's original complaint "d[id] not contain allegations that would support a reasonable inference that Mr. Lai and Prudential RNT are state actors or that their conduct is fairly attributable to the state." (*Id.* at 4.) Neither Ms. Taylor's two responses to this order nor her amended complaint remedy this deficiency.

Ms. Taylor's first response argues that: "Defendant has fabricated evidence against Plaintiff and used PRUDENTIAL REAL ESTATE RNT DOCUMENTS FOR FALSE REAL ESTATE TRANSACTION BROUGH [sic] UPON Plaintiff by EMPLOYEE OF PRUDENTIAL REAL ESTATE RNT, also violates the color of law statute, taking away a person's rights of due process." (Dkt. # 8 at 3.) Ms. Taylor's second response argues that: "The Color of law statute would be violated by unlawfully obtaining or maintaining a person's property, which oversteps or misapplies the Official's authority." (Dkt. # 9 at 2.) These arguments do not explain why Mr. Lai's or Prudential RNT's alleged conduct in private real estate transactions should be considered "fairly attributable to the state." *See West*, 487 U.S. at 49.

The amended complaint alleges that "Defendant allowed his employee Kevin Lai to use all Real Estate contract forms to conduct illegal business with Plaintiff and otherwise unlawfully conspired against Plaintiff . . . ." (Am. Compl. ¶ 4.) The complaint also alleges that "Prudential RNT Real Estate Owner, and his Broker Kevin Lai made

false accusation to Plaintiff stating first the property Plaintiff rented was the property of Prudential RNT Real Estate later [sic] after Plaintiff was renting the property the Defendant's employee stated the property was his own personal property . . . ." (*Id.* ¶ 5.) The court can discern no state action in these allegations.

The "mere mention of 42 U.S.C. § 1983 and particular constitutional provisions does not establish jurisdiction where the complaint on its face discloses the absence of an essential element of such a claim." *Grayson v. Schriro,* No. CIV 05–1749 PHX RCB, 2007 WL 91611, at *8 (D. Ariz. Jan. 11, 2007) (quoting *Rushdan v. Hale,* No. C02–1325TEH(PR), 2002 WL 981863, at *1 (N.D. Cal. May 7, 2002)). Because Ms. Taylor has failed to plead any facts allowing this court to reasonably infer that Mr. Lai's or Prudential RNT's conduct is fairly attributable to the state, her amended complaint "on its face discloses the absence of an essential element of the claim," and therefore does not establish federal question jurisdiction. *See Campbell v. Stein*, 314 F. App'x 976, 977 (9th Cir. 2009) ("There was no federal question jurisdiction under 28 U.S.C. § 1331, because [the plaintiff] alleged no facts that [the defendant] acted under color of state law, required to state a claim under 42 U.S.C. § 1983."); *Rushdan*, 2002 WL 98163 at *1 (finding no federal question jurisdiction over a §1983 claim because "[n]either of the defendants in this action allegedly acted under color of state law.")

Because Ms. Taylor's amended complaint does not establish subject matter jurisdiction, and because the court has already provided Ms. Taylor one opportunity to

explain why her claims establish subject matter jurisdiction, the court DISMISSES Ms. Taylor's amended complaint (Dkt. # 10) without prejudice.[2]

Dated this 9th day of November, 2013.

JAMES L. ROBART
United States District Judge

---

[2] Ms. Taylor has already amended her complaint once, to no avail. (*See* Am. Compl.) The court finds that further amendments would be futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (stating that leave to amend need not be granted when amendment would be "an exercise in futility.") Therefore, the court dismisses Ms. Taylor's complaint without granting leave to amend.

ORDER- 7